# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 22, 2021

Lyle W. Cayce
Clerk

No. 20-40804

Wendy Renee Venglar,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, Acting Commissioner of Social Security,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:20-CV-20

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Wendy Venglar filed a claim for Social Security disability benefits. An ALJ rejected the claim, concluding that although Venglar had some severe mental health impairments, she was not disabled because Venglar could perform unskilled jobs. After the Appeals Council denied Venglar's request

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for review, she challenged the agency's ruling in federal court. The district court, adopting the recommendation of a magistrate judge, granted summary judgment to the agency. It held that substantial evidence supported the ALJ's conclusions.

We agree that substantial evidence supports the rejection of Venglar's disability claim. Medical records do not reveal severe mental impairments and support the ALJ's conclusion that medication was helpful in controlling symptoms. No medical professional or other expert testified that Venglar had any work restrictions. On the other hand, state agency medical consultants opined that Venglar had fewer limitations than the ALJ found. The ALJ also cited Venglar's ability to perform daily tasks—such as cooking, caring for her son, and handling her finances—as support for her ability to engage in certain work. Medical records, opinion evidence, and Venglar's reported activities thus all support the ALJ's findings. Especially given the absence of compelling evidence to the contrary, that is much more than substantial evidence review requires.

Venglar also seems to argue that the district court failed to consider her objections to the magistrate's recommendation. That is not true as the district court noted both the "Final Appeal and Objection" Venglar filed and the "Objection to Memorandum and Recommendation." The court addressed the latter in an order denying reconsideration. The district court thus considered all of Venglar's objections.

The bigger point, however, is that we review the ALJ's denial of benefits *de novo*, meaning we review the ALJ's decision without deferring to the district court's view. *See Randall v. Astrue*, 570 F.3d 651, 663 (5th Cir. 2009). Having taken that new look at the ALJ's decision, we find no basis for disturbing its detailed findings for the reasons we have noted.

The judgment of the district court is AFFIRMED.